## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

---------------------------------------------------------------------------x

In re:                                                  :    Chapter 11
                                                        :
TK HOLDINGS, INC., *et al.*,                            :    Case No. 17-11375 (BLS)
                                                        :
                  Debtors.[1]    :    (Jointly Administered)

---------------------------------------------------------------------------x

Eric D. Green, as Trustee of the Takata Airbag Tort           :
Compensation Trust Fund,                                      :
                                                              :
                  Plaintiff,    :
                                                              :    Adv. Pro. No. 20-51004 (BLS)
v.                                                            :
                                                              :
Mitsui Sumitomo Insurance Company, Limited,                   :
                                                              :
                  Defendant.    :
                                                              :

--------------------------------------------------------------------------- x


## PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT MITSUI SUMITOMO INSURANCE COMPANY, LIMITED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings, Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND.................................................................................................... 2

ARGUMENT.......................................................................................................................... 4

I.       Alternative Service Pursuant to Rule 4(f)(3) is Permissible. ............................................. 4

II.      Service on Defendant's U.S. Counsel Comports with Rule 4(f)(3) and Due Process
         Requirements. .................................................................................................................. 5

III.     Service on Defendant's U.S. Counsel Is Warranted and Justified Because It Will Avoid
         Unnecessary Delay and Expense in the Litigation. ........................................................... 7

CONCLUSION........................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Nissan N. Am., Inc.*,
   No. 13-369, 2014 WL 11342502 (W.D. Tex. July 2, 2014) .......................................................8

*Brown v. China Integrated Energy, Inc.*,
   285 F.R.D. 560 (C.D. Cal. 2012) ........................................................................................5, 7

*Crockett v. Luitpold Pharms., Inc.*,
   No. 19-276, 2020 WL 4039046 (E.D. Pa. July 17, 2020) .............................................4, 5, 6, 8

*In re GLG Life Tech. Corp. Secs. Litig.*,
   287 F.R.D. 262 (S.D.N.Y. 2012) ...........................................................................................4, 8

*Hawkins v. Bank of Am., N.A.*,
   No. 17-cv-1954, 2018 WL 1616941 (S.D. Cal. Apr. 4, 2018) .........................................6, 7, 8

*I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko"*,
   No. 18-5194, 2018 WL 6446601 (E.D. Pa. Dec. 10, 2018).......................................................7

*Knit With v. Knitting Fever, Inc.*,
   Nos. 08-4221, 08-4775, 2010 WL 4977944 (E.D. Pa. Dec. 7, 2010)...........................4, 5, 6, 8

*Montana Trucks, LLC v. UD Trucks N. Am., Inc.*,
   No. 12-23-M-DWM, 2013 WL 3928634 (D. Mont. July 29, 2013).........................................8

*Tart Optical Enters., LLC v. Light Co. Ltd.*,
   No. LA CV16-08061 .........................................................................................................5, 6, 8

*In re TK Holdings, Inc.*,
   No. 17-11375 (Bankr. D. Del.) ........................................................................................1, 2, 3

*Vanderhoef v. China Auto Logistics Inc.*,
   No. 18-10174, 2019 WL 6337908 (D.N.J. Nov. 26, 2019) .............................................4, 5, 8

*Xilinx, Inc. v. Godo Kaisha IP Bridge 1*,
   246 F. Supp. 3d 1260 (N.D. Cal. 2017) ..................................................................................7

Plaintiff Eric D. Green ("Trustee" or "Plaintiff"), as trustee for the PSAN PI/WD Trust, d/b/a the Takata Airbag Tort Compensation Trust Fund (the "Trust"), hereby moves the Court (the "Motion") for an order authorizing Plaintiff, pursuant to Federal Rule of Civil Procedure 4(f)(3), to serve process on Defendant Mitsui Sumitomo Insurance Company, Limited ("Mitsui") by sending a copy of the summons and complaint to counsel for Mitsui via electronic and U.S. mail.  In support of the relief requested herein, the Trustee respectfully states and alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff, out of necessity and in consideration of judicial efficiency, moves this Court to permit a means for alternative service of process on Mitsui.  The Trust and Mitsui have been engaged in discussions regarding the Trust's insurance rights and coverage for nearly three years. Mitsui, through U.S. counsel, filed an objection in the Debtors' underlying bankruptcy proceeding, *In re TK Holdings, Inc.*, No. 17-11375 (Bankr. D. Del. Feb. 7, 2018) ECF No. 1946, and appeared at the Confirmation Hearing, *see In re TK Holdings*, ECF No. 2111.  Mitsui, through U.S. counsel, has regularly corresponded with counsel for the Trustee.  Most recently, Mitsui, through U.S. counsel, objected to the Trustee's motion to enforce the Plan and Confirmation Order, which raised identical issues as in the instant adversary proceeding.  *In re TK Holdings*, ECF No. 4229.  Despite this continuous communication between the Trust and Mitsui via its U.S. counsel, Mitsui's U.S. counsel will not accept service of the complaint in this adversary proceeding.  Without intervention from this Court, service of the summons and complaint on Mitsui in Japan must therefore occur in accordance with the procedures set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").

Service under the Hague Convention is costly, time-consuming, and wastes the Trust's valuable resources, which would otherwise be used to compensate victims injured by Takata. Service under the Hague Convention is also unnecessary. Plaintiff's request for alternative service on Mitsui pursuant to Federal Rule of Civil Procedure 4(f)(3) is not prohibited by the Hague Convention, and service on Mitsui's counsel is reasonably calculated to provide Mitsui notice of this action. Furthermore, alternative service on Mitsui is necessary in order to avoid severe delays in this litigation and unnecessary depletion of the Trust's funds. Therefore, Plaintiff requests that this Court permit alternative service on Mitsui by serving its U.S. counsel.

## FACTUAL BACKGROUND

The Trust was created as a result of the Debtors' bankruptcy and has the express purpose of "administer[ing], process[ing], settl[ing], resolv[ing], liquidat[ing], and pay[ing]" the claims of the victims who were killed or seriously injured by Takata's products. *In re TK Holdings, Inc.*, No. 17-11375 (Bankr. D. Del. Mar. 26, 2018), ECF No. 2505-1, §1.2(a)(ii) (PSAN PI/WD Trust Agreement). The Trust distributes payment to these victims on a *pro rata* basis in accordance with the funds available to the Trust. Any impact on the Trust's resources therefore has a corresponding effect on the amounts paid to the victims.

Mitsui, a Japanese corporation with its headquarters in Tokyo, Japan, provided insurance coverage to the Debtors and participated in the Debtors' bankruptcy proceedings, both before and after plan confirmation. On February 6, 2018, Mr. Evan Miller, an attorney located in Delaware, filed an objection to the Debtors' proposed plan of reorganization on behalf of Mitsui. *In re TK Holdings*, ECF No. 1946. On February 16, 2018, Mr. Miller attended the confirmation hearing on behalf of Mitsui. *In re TK Holdings*, ECF No. 2111.

Following the Debtors' reorganization and subsequent formation of the Trust, U.S. counsel for Mitsui has consistently corresponded with counsel for the Trustee.   Counsel for the Trustee has communicated by telephone and email with Mr. Michael Aylward, an attorney at a Boston law firm, on numerous occasions.  On September 22, 2020, Mr. Aylward sent a letter to counsel for the Trustee on behalf of Mitsui regarding the very issues raised in this adversary proceeding.

Most recently, Mr. Miller filed an Objection on behalf of Mitsui in the Debtors' underlying bankruptcy proceeding, *In re TK Holdings*, ECF No. 4229, in response to the Trustee's Motion to Enforce the Order Confirming the Debtors' Fifth Amended Joint Chapter 11 Plan of Reorganization and the Confirmed Plan, *In re TK Holdings*, ECF No. 4222.  Mr. Miller argued on behalf of Mitsui at the October 21, 2020 hearing.  *See In re TK Holdings*, ECF No. 4242.  The issues presented in the Trustee's motion – regarding the effects of the Debtors' bankruptcy and plan of reorganization on Mitsui's obligations under certain insurance policies— are identical to the issues presented in the Trustee's complaint for declaratory judgment filed in this adversary proceeding.

On November 10, 2020, Mr. Miller informed the Trustee's counsel that he is not authorized to accept service of the complaint.  The Trustee respectfully requests that this Court permit alternative service on Mitsui, pursuant to Federal Rule 4(f)(3), via its U.S. counsel.

## ARGUMENT

**I.    Alternative Service Pursuant to Rule 4(f)(3) is Permissible.**

Federal Rule of Civil Procedure 4(f), made applicable to adversary proceedings via

Federal Rule of Bankruptcy Procedure 7004, governs service of process upon defendants in

foreign countries.[2]  Rule 4(f)(3) provides:

> Unless federal law provides otherwise, an individual – other than a minor, an
> incompetent person, or a person whose waiver has been filed – may be served at a
> place not within any judicial district of the United States . . . by other means not
> prohibited by international agreement, as the court orders.

"Service pursuant to Rule 4(f)(3) is 'neither a last resort nor extraordinary relief. . . .  It is

merely one means among several which enables service of process on an international

defendant.'"  *Knit With v. Knitting Fever, Inc.*, Nos. 08-4221, 08-4775, 2010 WL 4977944, at *3

(E.D. Pa. Dec. 7, 2010) (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir.

2002)); *see also Crockett v. Luitpold Pharms., Inc.*, No. 19-276, 2020 WL 4039046, at *2 (E.D.

Pa. July 17, 2020) ("Rule 4(f) contains no hierarchy between the authorized methods for

international service as delineated in subsections (1)-(3). . . .  As such, Rule 4(f)(3) is an equally

valid method for service as Rule 4(f)(1).").  Courts have observed that "'nothing in Rule 4(f)

itself or controlling case law suggests that a court must always require a litigant to first exhaust

the potential for service under the Hague Convention before granting an order permitting

alternative service under Rule 4(f)(3).'"  *Vanderhoef v. China Auto Logistics Inc.,* No. 18-10174,

2019 WL 6337908, at *3 (D.N.J. Nov. 26, 2019) (quoting *In re GLG Life Tech. Corp. Secs.*

*Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012)).

---

[2] While Rule 4(f) refers to an "individual," Federal Rule of Civil Procedure 4(h)(2) allows service on a foreign
corporation "at a place not within any judicial district of the United States" in any manner allowed by Rule 4(f), with
one exception not relevant here.

Instead, "'[t]he only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement.'" *Knit With*, 2010 WL 4977944, at *3 (quoting *Prediction Co. LLC v. Rajgarhia*, No. 09–7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010)). "The decision of whether to allow alternative service of process under this Rule is committed to the sound discretion of the district court[.]" *Id.* "Once a court is convinced that its intervention is necessary and alternate service is appropriate, the court must ascertain a method of service that will comport with constitutional notions of due process." *Id.* at *4.

## II.    Service on Defendant's U.S. Counsel Comports with Rule 4(f)(3) and Due Process Requirements.

Service on Mitsui's U.S. counsel comports with the requirements of both Rule 4(f)(3) and due process.  First, court-ordered service on Mitsui, a Japanese defendant, via its domestic counsel is not prohibited by international agreement.  *See Tart Optical Enters., LLC v. Light Co. Ltd.*, No. LA CV16-08061 JAK (MRWx), 2019 WL 9048860, at *9 (C.D. Cal. Mar. 18, 2019) (allowing service on Japanese defendant's counsel, noting that "[b]ecause service through counsel is not 'prohibited by international agreement,' Fed. R. Civ. P. 4(f)(3), it is warranted here").  This is so even though Japan is a party to the Hague Convention, as the Hague Convention does not apply to service that occurs within the United States.  *See Vanderhoef*, 2019 WL 6337908, at *3 ("Courts have held that the Convention is not relevant when the proposed method of alternative service is to be effectuated domestically."); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012) ("If valid service occurs in the United States, therefore, the Convention is not implicated regardless of the location of the party."); *see also Crockett*, 2020 WL 4039046, at *2 n.2 (rejecting the defendants' argument "that they are entitled to service under Hague Convention procedures because Switzerland has

objected to Article 10 of the Hague Convention[,]" as "Article 10 only applies to 'service abroad.' Here, Plaintiff is not requesting an alternative form of service abroad").

Second, service on Mitsui's U.S. counsel comports with constitutional notions of due process. The United States Supreme Court has explained that due process is satisfied when the method of service provides "'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Knit With*, 2010 WL 4977944, at *4 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "So long as there exists adequate and recent contact between a foreign defendant and their domestic counsel, service on domestic counsel is sufficient to ensure that the defendant will receive notice of the suit." *Crockett*, 2020 WL 4039046, at *3.

Here, there is no doubt that service on Mitsui's U.S. counsel will ensure that Mitsui receives notice of the suit. As noted above, Mr. Miller and Mr. Aylward have represented Mitsui consistently over the last several years, including in a proceeding just last month before this very Court involving identical issues as those raised by the Complaint. As such, service upon Mr. Miller and Mr. Aylward will provide Mitsui with notice of the suit.

The Trustee's request is well-supported by case law. Courts across the country routinely grant requests under Rule 4(f)(3) to allow service on a defendant's domestic counsel. *See Hawkins v. Bank of Am., N.A.*, No. 17-cv-1954, 2018 WL 1616941, at *3 (S.D. Cal. Apr. 4, 2018) (noting that "Plaintiff's Rule 4(f)(3) requests for alternative service by email and on [the defendant's] U.S.-based counsel are amply supported by case law. Federal courts have authorized both of these alternative methods of service for Japanese defendants" and collecting cases) (internal citations omitted); *see also Tart Optical*, 2019 WL 9048860, at *10 (permitting

6

service on individual defendant who resided in Japan via counsel for co-defendant, who had also

specially appeared on behalf of the individual defendant); *Xilinx, Inc. v. Godo Kaisha IP Bridge*

*1*, 246 F. Supp. 3d 1260, 1264 (N.D. Cal. 2017) (ordering service on Japanese defendant's

counsel of record in the instant case and counsel in a related case in Texas).  Courts have done so

even where the plaintiff has not first attempted service pursuant to the Hague Convention,

reasoning that "[a] plaintiff need not pursue other methods of service before requesting that the

court authorize an alternative method under Rule 4(f)(3)."  *Brown*, 285 F.R.D. at 563, 565

(authorizing alternative service on U.S. counsel in spite of the defendants' argument that

"plaintiffs have not even tried to serve the Individual Defendants properly in the People's

Republic of China") (quotations and alterations omitted); *I.M. Wilson, Inc. v. Otvetstvennostyou*

*"Grichko"*, No. 18-5194, 2018 WL 6446601 (E.D. Pa. Dec. 10, 2018) (permitting service on

U.S. counsel without a showing by the plaintiff that it had attempted service pursuant to the

Hague Convention); *Xilinx*, 246 F. Supp. 3d at 1264 (same).[3]

As such, service on Mitsui via its U.S. counsel is appropriate under the Federal Rules and

the Constitution.

### III.    Service on Defendant's U.S. Counsel Is Warranted and Justified Because It Will Avoid Unnecessary Delay and Expense in the Litigation.

Finally, alternative means of service is justified here because requiring the Trustee to

serve Mitsui pursuant to the Hague Convention will unnecessarily delay resolution of this action

---

[3] Courts also allow service on counsel even where counsel has represented that they are not authorized to accept service on the defendant's behalf.  *See Hawkins*, 2018 WL 1616941, at *4 ("Although the record shows that [the defendant's] local attorney disavowed that he was authorized to accept service of any complaint related to the dispute, this disavowal does not defeat a finding that alternative service on a defendant's U.S. attorney comports with due process.") (citation omitted); *see also Vanderhoef*, 2019 WL 6337908, at *4 ("Courts have consistently held that service pursuant to Rule 4(f)(3) is proper when effectuated on a foreign individual's U.S. counsel if there is regular contact between the two, regardless of whether they have been explicitly provided the authority to do so.").

and waste the resources of the Trust.[4]  Service in accordance with Hague Convention procedures often takes several months and requires that the Trustee have all documents translated to Japanese—another time-consuming process.  "Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate 'to prevent further delays in litigation.'"  *Knit With*, 2010 WL 4977944, at *4 (quoting *LG Elects, Inc. v. Asko Appliances, Inc.*, No. 08-828, 2009 WL 1811098, at *4 (D. Del. June 23, 2009)) (collecting cases); *In re GLG Tech.*, 287 F.R.D. at 266 ("Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3).").  Such delay is especially unwarranted here, where the Trustee and Mitsui have already briefed and argued the issues raised by the Trustee's complaint in front of this Court.

Further, requiring service pursuant to the Hague Convention will pointlessly expend the Trust's resources.  The Trust has limited funds, and any extra expense incurred by the Trust diminishes the amounts available to compensate victims.  "Courts have also found that avoiding the additional expense of serving a defendant in a foreign country is a valid justification for granting an alternative method of service."  *Affinity Labs of Texas, LLC v. Nissan N. Am., Inc.*, No. 13-369, 2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014).

---

[4] While the exact time and expense necessary for service under the Hague Convention varies, courts have noted that the process often takes several months and costs thousands of dollars.  *See Tart Optical, LLC*, 2019 WL 9048860, at *9 n.6 (granting motion for alternate service on Japanese defendant where "[p]laintiff asserts that compliance with Hague Convention procedures . . . would result in 'delay of an estimated 8–12 months' and 'costs estimated to be another $15,000 to $20,000'"); *Hawkins*, 2018 WL 1616941, at *1 (noting that plaintiff previously "paid $2,500 to . . . a third party consulting law firm which specializes in overseas service, to ensure proper translation of the documents from English to Japanese and to deliver the documents to Japan," but never "received any confirmation that the documents delivered to Japan over five months ago" had been served on the defendant); *Montana Trucks, LLC v. UD Trucks N. Am., Inc.*, No. 12-23-M-DWM, 2013 WL 3928634, at *1 (D. Mont. July 29, 2013) ("Service in Japan by means designated by the Convention takes about four months.") (alterations and quotations omitted); *see also Crockett*, 2020 WL 4039046, at *2 (noting that service on Swiss defendant pursuant to the Hague Convention "took approximately 79 days and $1,863.75 in associated costs, including document translation"); *I.M. Wilson, Inc.*, 2018 WL 6446601, at *3 (granting alternative service on US counsel for Czech defendant where plaintiff "expects that it will take two to four months to execute service" under the Hague Convention); *Knit With*, 2010 WL 4977944, at *3 (noting that "any service through [the Italian Central] Authority could take up to three months").

Accordingly, service on Mitsui's U.S. counsel is warranted and justified to avoid unnecessary delay and expense.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Trustee moves the Court for entry of an order authorizing service on Mitsui by sending a copy of the summons and complaint to Mr. Evan Miller and Mr. Michael Aylward via electronic and U.S. mail.

Dated: November 19, 2020
       Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:   (302) 425-6400
E-mail:      tarr@blankrome.com

-AND-

**BROWN RUDNICK LLP**
David J. Molton (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:   (212) 209-4800
E-mail:      dmolton@brownrudnick.com
             gcicero@brownrudnick.com

-AND-

**GILBERT LLP**
Kami E. Quinn (admitted *pro hac vice*)
Emily P. Grim (admitted *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone:   (202) 772-2200
E-mail:      quinnk@gilbertlegal.com
             grime@gilbertlegal.com

*Attorneys for Eric D. Green, in his capacity as Trustee of the Takata Airbag Tort Compensation Trust Fund*